NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

EDUARDO HARIM AGUILERA, JR., *Appellant.*

No. 1 CA-CR 16-0848
FILED 9-26-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-129233-001 DT
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Office of the Legal Advocate, Phoenix
By Dawnese C. Hustad
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Chief Judge Samuel A. Thumma and Judge James P. Beene joined.

---

**W I N T H R O P**, Judge:

¶1        Eduardo Harim Aguilera, Jr. ("Appellant") appeals his convictions and sentences for two counts of aggravated assault. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297 (1969), stating that she has searched the record on appeal and has found no arguable question of law that is not frivolous. Appellant's counsel therefore requests that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error). This court allowed Appellant to file a supplemental brief *in propria persona*, and Appellant has done so, raising several issues that we address.

¶2        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[1]  Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL HISTORY[2]**

¶3        On July 1, 2015, a grand jury indicted Appellant on two counts of aggravated assault, each a class five felony. *See* A.R.S. §§ 13-1203, 13-1204.

¶4        Before trial, Appellant's counsel raised concerns as to Appellant's competency to stand trial, and the court ordered Appellant to

---

[1]        We cite the current version of the applicable statutes because no revisions material to this decision have occurred since the date of the offenses.

[2]        We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64 (App. 1994).

be evaluated pursuant to Rule 11, Ariz. R. Crim. P.  After reviewing the medical evaluations, the court found Appellant understood the nature of the proceedings and the charges brought against him, and was competent to stand trial.

¶5         Appellant moved to represent himself in the proceedings, and the trial court granted Appellant's motion after verifying that Appellant was "knowingly, intelligently, and voluntarily" waiving his right to representation.  Thereafter, before each hearing, the court asked Appellant whether he wanted to continue to represent himself, and each time, Appellant confirmed his decision.  Appellant represented himself at trial until closing arguments, when he asked for the assistance of his advisory counsel.

¶6         At trial, the State presented the following evidence:  On June 24, 2015, Appellant, who was in custody for charges related to a 2014 aggravated D.U.I., was brought to the Maricopa County Superior Court to begin trial.  However, Appellant's trial was postponed due to a scheduling conflict.

¶7         Upon hearing his trial was postponed, Appellant became verbally combative with the court commissioner assigned to his case.  The commissioner warned Appellant that if he did not calm down he would be removed from the courtroom.  Appellant continued to be verbally combative, and the commissioner ordered a detention officer to remove Appellant from the courtroom.

¶8         Detention Officer Norris ("Officer Norris") commanded Appellant to leave and placed his hand on Appellant's shoulder to direct him out of the courtroom.  Appellant did not comply with Officer Norris' commands and continued arguing with the commissioner.  Officer Norris took hold of Appellant by his shirt.  Appellant then reached out to grab Officer Norris.  As Officer Norris successfully pushed Appellant's hands away, he struck his own hands on Appellant's handcuffs.  Officer Norris sustained abrasions on his hands from this interaction.

¶9         A second detention officer and Phoenix police officers arrived to help Officer Norris remove Appellant from the courtroom.  Appellant refused to leave, and the officers carried Appellant out of the courtroom.  Additional officers, including Detention Officer Blood ("Officer Blood"), helped place Appellant in a holding tank outside the courtroom.

¶10        In the holding tank, the officers commanded Appellant to his knees in order for them to safely exit, but Appellant would not comply with

their commands. Officer Blood eventually forced Appellant to the ground and placed his knee on Appellant's back to allow the other officers to exit the holding tank. As Officer Blood removed his knee from Appellant and began to exit the holding tank, Appellant rolled onto his back, pushing his feet into Officer Blood's shins several times. Officer Blood then used his knee to hold Appellant's legs against his body and commanded Appellant to roll onto his stomach before Officer Blood exited the holding tank.

¶11　　　　In his defense, Appellant presented evidence that neither Officer Norris nor Officer Blood were seriously injured during their interactions with Appellant. Appellant further alleged that he was unlawfully incarcerated at the time of the assault due to what he believed were wrongful aggravated D.U.I. charges.

¶12　　　　The jury found Appellant guilty as charged of two counts of aggravated assault. The trial court found, based on Appellant's own testimony, that Appellant had been convicted of two prior felonies. The court sentenced Appellant to concurrent, presumptive prison terms of five years, to be served concurrent with his six-year term for his aggravated D.U.I. convictions. The court credited Appellant for 512 days of presentence incarceration on each of the aggravated assault counts. Appellant filed a timely notice of appeal.

## ANALYSIS

¶13　　　　Appellant raises numerous arguments in his supplemental brief. We address his arguments as follows.

     *I.　　　Alleged Violation of Appellant's Constitutional Rights*

        *A.　　Speedy Trial Rights*

¶14　　　　Appellant argues the court violated his right to a speedy trial under the Sixth Amendment to the United States Constitution and Article 2, Section 11, of the Arizona Constitution.

¶15　　　　Appellant argues that his right to a speedy trial was violated because he was subjected to a Rule 11 examination. This argument is without merit. Although a defendant held in custody must generally be tried within 150 days of arraignment, *see* Ariz. R. Crim. P. 8.2(a)(1), exceptions to this time limit exist, including delays that result from hearings to determine competency or intellectual disability, which are excluded from the computation of the time limit under Rule 8.2. *See* Ariz. R. Crim. P. 8.4(a); *State v. Wassenaar*, 215 Ariz. 565, 570, ¶ 8 (App. 2007). Appellant's Rule 11

hearing falls under this exception, and thus, tolls the calculation of time to start Appellant's trial.[3]

**¶16**    Moreover, even if Appellant is correct in claiming his trial was untimely, there was no fundamental error that would require reversal. To determine whether a defendant's constitutional right to a speedy trial has been violated, "court[s] must consider the length of the delay, whether the defendant has demanded a speedy trial, the reason for the delay, and the prejudice to the defendant." *State v. Tucker*, 133 Ariz. 304, 307 (1982); *accord Wassenaar*, 215 Ariz. at 571, ¶ 18. Out of the reasons assessed, the length of the delay is the least important and the prejudice the defendant suffered is the most important. *Tucker*, 133 Ariz. at 307. For a defendant to establish prejudice he must show that his defense was harmed by the delay of the trial. *Id.* Thus, "[a] defendant who fails to establish that his defense was prejudiced or that he was deprived of a fair trial has not established prejudice sufficient to warrant reversal of his conviction." *Wassenaar*, 215 Ariz. at 571, ¶ 16.

**¶17**    Appellant has not alleged that he suffered any prejudice due to a delay in his trial. Further, the record, viewed as a whole, does not reflect that Appellant suffered any prejudice.

### B.    Eighth Amendment Rights

**¶18**    Appellant also argues the trial court violated his Eighth Amendment right against cruel and unusual punishment. Underlying his argument, Appellant relies on his contention that he was falsely incarcerated and wrongfully convicted of the aggravated D.U.I. charges. At trial, the court informed Appellant that it had no power during that proceeding to decide any issue related to Appellant's previous aggravated D.U.I. charges and convictions. The court further explained that even if Appellant was found to be wrongfully convicted or incarcerated for aggravated D.U.I., that finding would not affect Appellant's charges and trial for aggravated assault. The court explained to Appellant numerous times that his sentence and imprisonment as it related to the aggravated D.U.I. convictions had no bearing on his aggravated assault charges. The trial court's explanations were legally correct, and we find no error. Further, to the extent that Appellant wishes to challenge the

---

[3]    Appellant's time deadline for trial was also properly tolled due to Appellant's own requests for continuances. *See* Ariz. R. Crim. P. 8.4(c), (e).

constitutionality of the D.U.I. laws, he must do so in a separate appeal of his aggravated D.U.I. convictions.

## II. Sufficiency of the Evidence

**¶19** Appellant appears to argue that there was insufficient evidence to convict him of aggravated assault because neither Officer Norris nor Officer Blood sustained substantial injury. However, Appellant's argument mischaracterizes the nature of the charges.

**¶20** In Count I, the State charged Appellant with intentionally, knowingly, or recklessly causing physical injury to an employee of the Maricopa County Sherriff's Office acting in his official capacity. *See* A.R.S. §§ 13-1203(A)(1), 13-1204(A)(8)(a). As charged, the State only needed to prove *any* physical injury to Officer Norris, not *serious* physical injury. *See* A.R.S. § 13-1203(A)(1). There is no requirement under either § 13-1203(A)(1) or § 13-1204(A)(8)(a) that the assault victim suffer substantial, permanent, or serious harm. Here, the State met its burden of showing that Officer Norris suffered physical injury through testimony that he scraped his hands and through photo evidence of the injuries. Officer Norris' testimony that he suffered minimal pain and was able to continue working does not preclude a finding of guilt as charged.

**¶21** In Count II, the State charged Appellant with knowingly touching Officer Blood, an employee of the Maricopa County Sheriff's Office acting in his official capacity, with the intent to injure, insult, or provoke the officer. *See* A.R.S. §§ 13-1203(A)(3), 13-1204(A)(8)(a). Contrary to Appellant's assertions, the State did not need to prove injury for Count II. Here, the State met its burden by producing evidence that Appellant's feet made contact with Officer Blood's legs multiple times and by showing that Appellant kicked or intended to kick Officer Blood.

## III. Appellant's Claim of Self-Defense

**¶22** Appellant also argues that he was wrongfully convicted because he was merely "standing up" for himself. However, even if Appellant believes he acted in self-defense, this justification defense is inapplicable in this situation.

**¶23** Generally, a defendant may assert self-defense as justification for his use of force to protect himself against another's use or attempted use of unlawful physical force. A.R.S. § 13-404(A). Even if Appellant is correct in his assertion that he was wrongfully detained on June 24, 2015, he was

still not allowed to use physical force to prevent the detention officers from lawfully fulfilling their job duties.

    *IV.*    *Other Issues*

**¶24**    We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30. The evidence presented at trial was substantial and supports the verdicts. Appellant knowingly, intelligently, and voluntarily waived his right to counsel, and had the assistance of advisory counsel at all stages of the proceedings. Appellant was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with Appellant's constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶25**    After the filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

**CONCLUSION**

**¶26**    Appellant's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA